UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIRIAM U. MOORE,

    Plaintiff,

v.     CASE NO.: 3:12-cv-205-J-99TJC-MCR

LENDER PROCESSING SERVICES, INC.,
A Delaware corporation, and DOES 1 through 10,

    Defendants.

_____/

## LENDER PROCESSING SERVICES' MOTION TO QUASH THIRD PARTY SUBPOENA AND MOTION FOR PROTECTIVE ORDER

Defendant, Lender Processing Services, Inc. ("LPS"), pursuant to Rules 45(c) and 26(c), Federal Rules of Civil Procedure ("Rule(s)"), files this Motion to Quash Third Party Subpoena and Motion for a Protective Order. LPS moves this Court to quash the subpoena *duces tecum* issued to Clay A. Cornett, c/o T.A. "Tad" Delegal, III, Esq., and to enter a protective order with respect to the documents that are subject to production pursuant to the September 17, 2012 subpoena *duces tecum*. In support of the Motion, LPS says:

### I. INTRODUCTION AND FACTUAL BACKGROUND

On September 17, 2012, Plaintiff served a subpoena *duces tecum* to Clay Cornett, the Plaintiff in a case similar to the instant case. A copy of the subpoena *duces tecum* is attached as Exhibit "A." That case is captioned *Cornett v. Lender Processing Services, Inc.*, 3:12-CV-233-J-32TEM (the "Cornett case"). Both cases stem from the two plaintiffs' former employment with LPS and the cases overlap considerably with respect to discovery. Specifically, many of the documents produced in the Cornett case have been requested in the instant case. However, in the

Cornett case, the Honorable Thomas E. Morris entered an "umbrella" protective order that has served to protect LPS' confidential business information produced in that case.[1] A copy of the protective order is attached as Exhibit "B."

Apparently as an attempt to avoid the potential confidentiality order, Plaintiff served the attached subpoena *duces tecum* in the Cornett case in an effort to obtain the documents protected by the confidentiality order in that case. Because Plaintiff refuses to agree to entry of the same confidentiality order in this case as was entered in the Cornett case, Plaintiff seeks here to circumvent not only the Order entered by Judge Morris but also to circumvent the process that would allow this Court to evaluate whether a confidentiality is warranted in the present case.

LPS has contacted counsel for Cornett regarding the subpoena and the protective order in place in that case, and counsel for Cornett has agreed he will abide by the requirements of the protective order in the Cornett case and will not produce the requested documents until such time as the Court rules on this Motion.

## II. LEGAL ARGUMENT

### A. The subpoena should be quashed and a protective order entered because the requested information is confidential, includes trade secrets, and LPS will be otherwise harmed.

The scope of discovery is governed by Rule 26, which provides that for good cause shown, a court may protect parties from "annoyance, embarrassment, oppression, or undue

---

[1] In this case, counsel for Plaintiff and counsel for LPS have been attempting to negotiate a mutually agreeable protective order that would apply to confidential materials produced. Counsel for LPS seeks to have the same confidentiality order entered in both cases to ensure consistent treatment of the confidential materials across the various cases. Attached as Exhibit "C" is written correspondence dated September 26, 2012 from counsel for Plaintiff stating that he will not agree to the same confidentiality order that has been entered by the Court in the Cornett case, thereby necessitating the instant Motion and also requiring LPS to prepare a Motion for Protective Order addressing the confidential material in this matter, which LPS is in the process of completing.

burden or expense." Fed. R. Civ. P. 26(c)(1). Moreover, Rule 45(3)(A)(iii) provides that a subpoena may be quashed when it "requires disclosure of privileged or other protected matter . . . ." Fed. R. Civ. P. 45(3)(A)(iii). Alternatively, courts can "elect to order production of the requested information only upon specified conditions, but before doing so, it must determine that the party in whose behalf the subpoena is issued has shown a substantial need for the testimony or material that cannot otherwise be met without undue hardship . . . ." *Fadalla v. Life Automotive Prod., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). When it comes to discovery of non-parties, it is well settled that "courts engage in a case-specific balancing test" and weigh various factors. *In re Denture Cream Products Liability Litigation*, No. 09-2051-MD, 2011 WL 1979666, at *3 (S. D. Fla. May 20, 2011).

Here, many of the documents sought in the subpoena have been designated as confidential in the Cornett case and are protected by the protective order in place in that case. Specifically, the confidential information sought by the subpoena includes:

- Copies of all deposition transcripts taken in the Litigation (portions of the deposition transcripts have been designated as "confidential" and are, accordingly, protected).
- Copies of all documents produced by Lender Processing Services, Inc. ("LPS) in the Litigation.
- Copies of all correspondence between counsel for Cornett and LPS regarding or referencing the Litigation.

Exhibit "A" at [unnumbered] 3.[2] The documents produced in the Cornett matter include confidential customer information, trade secrets, and confidential compensation information. Those documents have been deemed to be protected confidential material in the Cornett case and they should be in this case as well. *See Cytodyne Tech., Inc. v. Biogenic Tech., Inc.*, 216 F.R.D.

---

[2] LPS has no objection to non-confidential information being produced in response to the subpoena *duces-tecum*. Rather this Motion is limited to information that has been designated by LPS as being confidential pursuant to the Order in place in the Cornett case.

{00015069.DOC-1}                            3

533, 536 (M.D. Fla. 2003) (holding that in the State of Florida, customer lists are considered trade secrets); *Fadalla*, 258 F.R.D. at 506; *Donovan v. Lewnowski*, 221 F.R.D. 587 (S.D. Fla. 2004) (quashing a subpoena that would violate a protective order entered in a separate case and that would require disclosure of confidential information and trade secrets).

Once a party demonstrates that requested information includes a trade secret, it must then establish that disclosure of the trade secret might be harmful. *Id.* In the present case, Plaintiff is a former LPS employee who has begun working for a direct competitor of LPS. Plaintiff's post employment competitive activities actually form the basis of LPS' counterclaim in this case. Therefore, LPS has a strong interest in protecting its confidential information so that it may not be improperly used by Plaintiff. More important, the information has already been appropriately designated confidential in the Cornett case.

Finally, Plaintiff is unable to demonstrate a "substantial need" for the information or that it may not be otherwise obtained without undue hardship. *Fadalla*, 258 F.R.D. at 504. Indeed, Plaintiff has requested many of these same documents through discovery requests in the instant case. LPS has agreed to produce much of the information upon entry of a mutually agreeable confidentiality order. Plaintiff should not be permitted to conduct an end-run around the confidentiality order entered by Judge Morris simply by serving a subpoena to a third party.

> **B.    The subpoena should be quashed and a protective order entered because Plaintiff failed to follow the proper procedure to obtain the documents in the Cornett case.**

As an initial matter, "[p]rinciples of comity and respect for the effect of preexisting judicial orders" compel quashing a subpoena that would require the producing party to violate a protective order in place. *Donovan*, 221 F.R.D. at 588. Indeed, "[c]ourts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order

previously issued by another court, whether state of federal, have frequently felt constrained by principles of comity, courtesy, and where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism." *Id.* (quotations omitted).

In a case where a confidentiality or protective order has issued, to the extent a third party seeks to challenge the protective order or compel the information, the proper method is for the third party to intervene in the matter in which the protective order was issued. *Donovan*, 221 F.R.D. at 588. This would allow the judge who entered the order to evaluate it in light of the third party request. Rather than doing so in this case, Plaintiff served the third party with a subpoena, thereby ensuring that in order to comply with the subpoena, the third party would have to violate an Order of this Court. If Plaintiff agreed to enter the same confidentiality order as is in place in the Cornett case, LPS would have no objection to production of the documents; however, to require production of the documents absent a confidentiality agreement would serve to render the Order previously entered by the Court useless.

### III. CONCLUSION

For all of the foregoing reasons, LPS respectfully requests this Court quash the subpoena served in the Cornett matter and attached as Exhibit "A" and entering a protective order in that regard.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Rule 26(c)(1), FRCP, and Local Rule 3.01(g), counsel for LPS has made ongoing attempts to resolve the foregoing issues with counsel for Plaintiff but the parties have been unable to agree. In one last effort, counsel for LPS contacted counsel for Plaintiff this morning but did not hear back from counsel prior to filing this Motion.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: /s/ Kelly L. DeGance
Mark G. Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
Kelly L. DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
225 Water Street, Suite 1200
Jacksonville, FL 32202
(904) 345-3280 Telephone
(904) 345-3294 Facsimile

*Attorneys for Lender Processing Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following: Karina B. Sterman and Kevin J. Pavlik, Ervin Cohen & Jessup LLP, 9401 Wilshire Boulevard, 9th Floor, Beverly Hills, CA 90212-2974, W. Braxton Gillam, IV and Michael T. Fackler, Milam Howard Nicandri Dees & Gillam, P.A, 14 E. Bay Street, Jacksonville, Florida 32202.

/s/ Kelly L. DeGance