UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIRIAM U. MOORE, an individual,

      Plaintiff,

vs.                           Case No.  3:12-cv-205-J-99TJC-MCR

LENDER PROCESSING SERVICES, INC., a
Delaware corporation, and DOES 1 through
10,

      Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant, Lender Processing Services's

Motion to Quash Third Party Subpoena (Doc. 37) and Motion for Protective Order (Doc.

39).  In the first motion, Defendant asks the Court to quash a subpoena issued to the

attorney of a plaintiff with a similar case, Cornett v. Lender Processing Services, Inc.,

No. 3:12-cv-233-J-32TEM.  (Doc. 37).  The subpoena seeks many of the same

documents Plaintiff has requested in the instant case, however, in the Cornett case, the

parties entered into a confidentiality order.  Id.  Here, Defendant alleges Plaintiff has

refused to enter into a similar confidentiality order and is simply using the subpoena in

an attempt to obtain confidential records without having to enter into a confidentiality

order.  Id.  In the Motion for Protective Order (Doc. 39), Defendant asks the Court to

enter a proposed protective order (identical to the one entered in the Cornett case)

requiring the confidential treatment of "trade secrets and other confidential research,

development, and commercial information that will produced through the discovery

process in this case." (Doc. 39, p.1).  Plaintiff filed responses in opposition to these

Motions on October 12, 2012 (Docs. 41 and 44).  Accordingly, the matters are now ripe

for judicial review.

## I.  BACKGROUND

This litigation involves Plaintiff's claim that after working for Defendant for over

twenty-three years and rising to the position of Chief Operating Officer for the Default

Solutions division, Plaintiff entered into a three year Employment Agreement (the

"Agreement") with Defendant effective January 1, 2009.  The Agreement provided

Plaintiff with a generous compensation package and also contained a non-competition

provision.  Prior to the expiration of the Agreement, Defendant terminated Plaintiff's

employment.  Plaintiff alleged this termination was without cause, thereby entitling her

to compensation pursuant to the Agreement.  When Defendant refused to pay her the

proper compensation, Plaintiff brought the instant action seeking unpaid compensation

due under the Agreement as well as a declaration that the non-compete provision in the

Agreement is invalid.

Apparently, Plaintiff has requested a voluminous amount of documents.

Defendant has not yet produced the documents because it believes a confidentiality

order is necessary.  As noted above, in the Cornett case, Judge Morris entered the

same protective order as Defendant is now proposing.  Plaintiff responds that she does

not oppose the entry of a protective order.  Rather, Plaintiff objects to the provision

requiring her to file a motion disputing any confidential designation by Defendant as well

as Defendant's interpretation of the protective order as prohibiting Plaintiff's counsel

from conversing with counsel in the Cornett case regarding the confidential documents.

## II.  ANALYSIS[1]

Pursuant to Rule 26(c), Federal Rules of Civil Procedure, the Court may enter a

protective order upon motion of a party for good cause shown.  In order to do so, the

Court must articulate its reasons sufficient to allow appellate review.  In re Alexander

Grant & Co. Litigation, 820 F.2d 352, 355-56 (11th Cir. 1987).  Additionally, the Court

must evaluate and balance the interests of the parties and non-parties concerning

dissemination of discovery material.  Id. at 357.

Reviewing the positions of the parties and applicable law, the Court finds good

cause for the entry of a confidentiality order in this case.  Defendant has noted that

many of the documents Plaintiff seeks contain "borrower information (such as loan data,

social security numbers, etc.), employee information (such as social security numbers,

health insurance information, etc.), company bank account information and other

detailed financial data not disclosed in public filings, detailed documents (such as

confidential manuals and strategy documents) related to LPS' many proprietary

technologies, and a host of other records that are not in the public domain or otherwise

available to the public."  (Doc. 39, p.5).  Plaintiff does not contest Defendant's position

that many of the documents she seeks should be designated as confidential.

Accordingly, the Court finds sufficient good cause exists for the entry of a protective

---

[1] As the issues in Defendant's Motion to Quash Subpoena (Doc. 37) will be resolved by the entry of a protective order, the Court will confine its analysis to the Motion for Protective Order (Doc. 39).

order and further, that the interests of the parties and non-parties concerning

dissemination of discovery material outweighs the public's interest in gaining access to

the information.

Additionally, the undersigned believes an umbrella protective order, such as the

one proposed by the parties, is necessary in this case because a document-by-

document review of discovery materials would not be practicable and the order will

expedite the flow of discovery material; promote the prompt resolution of disputes over

confidentiality; and facilitate the preservation of truly confidential material, trade secrets,

and commercial or proprietary information.  Accordingly, the Court finds that entry of a

protective order is proper and the only remaining task is to determine which provisions

to include in that protective order and the scope of the order.

Plaintiff takes issue with one specific provision in the proposed protective order.

Plaintiff believes paragraph 6.3 should be altered.  Paragraph 6.3 provides:

> Judicial Intervention: A Party that elects to press a challenge
> to a confidentiality designation after considering the
> justification offered by the Designating Party may file and
> serve a motion that identifies the challenged material and
> sets forth in detail the basis for the challenge.  Each such
> motion must be accompanied by a competent declaration
> that affirms that the movant has complied with the
> meet-and-confer requirements imposed in the preceding
> paragraph and that sets forth with specificity the justification
> for the confidentiality designation that was given by the
> Designating Party in the meet-and-confer dialogue.  The
> burden of persuasion in any such challenge proceeding shall
> be on the Designating Party.  Until the Court rules on the
> challenge, all parties shall continue to afford the material in
> question the level of protection to which it is entitled under
> the Producing Party's designation.

Plaintiff acknowledges that this provision is included in the protective order entered in the <u>Cornett</u> case.  Plaintiff asks the Court to alter this provision to require Defendant to bring a motion to have a challenged document designated confidential rather than requiring Plaintiff to bring a motion challenging the designation.  Neither side points to any caselaw supporting their position and the undersigned was unable to locate any cases directly on point.  In reviewing protective orders previously entered, the undersigned found orders directing the challenging party as well as the producing party to apply for Court intervention.  As the Court does not believe the procedure outlined in the proposed protective order puts any undue burden on Plaintiff, it will adopt the provision as is.

The Court will advise the parties that by including the provision on judicial intervention, the Court is not granting the parties "free reign to obtain rulings on 'confidential' designations." <u>In re Seroquel Products Liability Litigation</u>, No. 3:06-md-1769, 2008 WL 508393, *2 (M.D. Fla. Feb. 21, 2008).  Instead, both sides are reminded that pursuant to Local Rule 3.03, "discovery is not to be filed with the Court in the public record, unless it is 'necessary to presentation and consideration of a motion to compel, etc.'" <u>Id.</u> (quoting Middle District of Florida, Local Rule 3.03).  Accordingly, should Plaintiff choose to challenge a confidential designation, Plaintiff shall not seek judicial intervention unless and until she wishes to utilize the challenged document in a motion to compel or a dispositive motion and seeks to file the document in the public docket of the Court.

Next, Plaintiff contends Defendant's interpretation of the protective order is overly restrictive because it does not permit counsel for Plaintiff to discuss the confidential documents with counsel in the Cornett case. As Plaintiff points out, the protective order does not explicitly prohibit counsel for Plaintiff from discussing the confidential documents with counsel in the Cornett case, especially if counsel in the Cornett case already has a copy of the relevant confidential document. Instead, the protective order prohibits counsel from disclosing any confidential documents to individuals not involved in this litigation.

The Court would be more inclined to agree with Defendant's position if Plaintiff were requesting to share the documents themselves with another attorney who did not have access to the documents. This is true because "the more widely confidential documents are disseminated, it becomes both more likely that those documents will be released, and more difficult for the Court to enforce the terms of its protective order." Williams v. Taser Intern., Inc., No. 1:06-cv-51, 2006 WL 1835437, *2 (N.D. Ga. June 30, 2006). However, in the instant case, Plaintiff is not requesting permission to provide the documents to any other attorney. Instead, Plaintiff's counsel simply wishes to be able to discuss the documents with the attorney in the Cornett case, whom he contends already has the documents. The Court finds such conduct entirely proper. Indeed, the "federal rules [] 'do not foreclose collaboration among litigants." Henderson v. FedEx Express, No. 5:09-cv-85, 2009 WL 1951059, *5 (M.D. Ga. July 6, 2009) (quoting Parsons v. General Motors Corp., 85 F.R.D. 724, 726 n. 1 (N.D. Ga. 1980)). Accordingly, the Court will not adopt Defendant's interpretation of the protective order as prohibiting counsel for

Plaintiff from discussing confidential materials with counsel for <u>Cornett</u> case, provided counsel for the <u>Cornett</u> case is also in possession of the specific confidential materials at issue.

Accordingly, after due consideration, it is hereby

**ORDERED**:

1.      Defendant, Lender Processing Services's Motion for Protective Order (Doc. 39) is **GRANTED**.  The Court adopts the terms of the proposed Stipulation and Protective Order drafted by Defendant and attached to this Order.  The parties are hereby bound by those terms and the interpretation of those terms discussed in this Order.

2.      Defendant's Motion to Quash Third Party Subpoena (Doc. 37) is also **GRANTED** as Plaintiff will be able to obtain the documents directly from Defendant.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __16th__ day of October, 2012.


_____

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record