UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIRIAM U. MOORE, an individual,

    Plaintiff,

vs.                                        Case No.  3:12-cv-205-J-99TJC-MCR

LENDER PROCESSING SERVICES, INC., a
Delaware corporation, and DOES 1 through
10,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 43) filed October 12, 2012.  Defendant, Lender Processing Services, Inc., filed its response (Doc. 49) in opposition to this Motion on October 25, 2012.  Accordingly, the matter is now ripe for judicial review.

### I. INTRODUCTION

This litigation involves Plaintiff's claim that after working for Defendant for over twenty-three years and rising to the position of Chief Operating Officer for the Default Solutions division, Plaintiff entered into a three year Employment Agreement (the "Agreement") with Defendant effective January 1, 2009.  The Agreement provided Plaintiff with a generous compensation package and also contained a non-competition provision.  Prior to the expiration of the Agreement, Defendant terminated Plaintiff's employment.  Plaintiff alleged this termination was without cause, thereby entitling her

-1-

to compensation pursuant to the Agreement.  When Defendant refused to pay her the proper compensation, Plaintiff brought the instant action seeking unpaid compensation due under the Agreement as well as a declaration that the non-compete provision in the Agreement is invalid.  Additionally, Plaintiff alleges Defendant violated the California Equal Pay Act by offering male employees terminated during the same time frame, a "significant severance package."  (Doc. 17, p.4).  Plaintiff also notes that two other employees terminated for similar reasons have brought law suits against Defendant, Clay Cornett and Laura MacIntyre.

Defendant alleges Plaintiff's employment was terminated due to her "active concealment of the fact that appropriate document execution procedures were not being followed."  (Doc. 49, p.2).   As a result, Defendant was the subject of a civil investigation by the Nevada Attorney General (hereinafter referred to as the "Nevada Litigation").

Discovery in this case has been very contentious and has required much Court intervention.  On May 23, 2012, Plaintiff served Defendant with her First Request for Production.  After requesting an extension of time, Defendant responded on July 25, 2012.  Additionally, Plaintiff sent another discovery request on August 20, 2012 to which Defendant objected.  The parties have discussed their disputes regarding this discovery and according to Plaintiff, there are four categories of documents that remain in dispute. They are: (1) allegedly privileged documents sent to or authored by Plaintiff; (2) documents regarding the "Nevada Litigation"; (3) documents related to severance packages for former employees of Defendant; and (4) documents related to the cases of Cornett v. Lender Processing Services, 3:12-cv-233-J-32MCR (the "Cornett Case")

and MacIntyre v. Lender Processing Services, 3:12-cv-1514-PAM-SER pending in Minnesota (the "MacIntyre Case").  Plaintiff filed the instant motion seeking an order directing Defendant to produce responsive documents in these categories.  (Doc. 43).

## II.  DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, Plaintiff asks the Court to direct Defendants to produce responsive documents in four categories.  The Court will address each of these categories.

**A.      Privileged Documents sent to or authored by Plaintiff**

Plaintiff asks the Court to compel Defendant to produce documents listed on its privilege log, which were either sent to or authored by Plaintiff.  Plaintiff takes the position that these documents "appear to involve Defendant's employees' execution of documents within [Plaintiff's] department: the very subject matter which Defendant relies on in terminating [Plaintiff]." (Doc. 43, p.4).  As such, Plaintiff argues these documents are "at issue" and Defendant has waived the attorney-client privilege with respect to them.  Id. at p.5.  Further, Plaintiff argues the attorney-client privilege is not absolute and "former officers and directors are entitled to review documents which they authored or directly received." Id. at p.4.  Defendant responds that the caselaw cited by Plaintiff is inapplicable and in any event, Plaintiff has failed to show the requisite good cause needed to have access to the documents.  (Doc. 49).

To support her claim that the documents should be produced, Plaintiff cites the case of In re Braniff, Inc., 153 B.R. 941 (Bankr. M.D. Fla. 1993).  In Braniff, the court held that a corporation could assert a qualified attorney-client privilege against its former officers and directors, but that a lesser showing of good cause would suffice for production when the party seeking the document was the author or recipient of it and was "simply asking for re-access to the document in connection with the litigation." Braniff, 153 B.R. at 946.

Defendant argues the holding in Braniff is not applicable to the instant case because in Braniff, the court utilized the analysis set forth in an earlier case, Garner v. Wolfinbarger, 430 F.2d 1093 (5th Cir. 1970).  The Garner case involved a class action

brought by shareholders against a corporation. The Garner court rejected the notion that a corporation's right to assert the attorney-client privilege is absolute. Instead, the court held that upon a showing of good cause, which was to be evaluated based upon numerous factors, the attorney-client privilege could be invaded in the shareholder derivative context. As the instant case is not a shareholder derivative action, Defendant takes the position that the Garner holding should not apply. Alternatively, Defendant argues that even if the Court decides the Garner holding is applicable, Plaintiff has failed to show good cause to get around the privilege.

While Defendant is correct that the Garner case dealt specifically with a shareholder derivative action, the analysis of the case has been applied to other corporate actions beyond simply shareholder cases. Indeed, the Braniff case was not a shareholder action. Accordingly, the simple fact that the instant case does not involve a shareholder action is not sufficient to completely disregard the Garner analysis. Admittedly, several of the factors considered by the Garner court will not be applicable to the instant case, however, as the Braniff court did, the undersigned may consider other factors in determining whether Plaintiff has shown good cause to pierce the attorney-client privilege. For example, the following factors would be relevant in this case:

> the necessity of the information to the seeking party and the availability of the information from other sources; the extent to which the communication is identified versus the extent to which the party is merely fishing; and the risk of revealing information that the corporation has an interest in protecting for independent reasons.

Braniff, 153 B.R. at 944 (citing Garner, 430 F.2d at 1104).  As Plaintiff is seeking to get around the privilege, she has the burden to establish her right to the protected material and that burden requires specificity.  Id.   Just as in the Braniff case, Plaintiff has not made a sufficient, specific showing of the above factors.  However, also as in the Braniff case, the documents at issue here have been either authored or received by Plaintiff.  In such a case, the Braniff court noted that:

> a discovering party who is also the author or recipient of a privileged communication, albeit a communication made while the individual was serving as the agent of the corporate privilege holder, should be allowed to make a lesser showing of good cause to obtain access to the document than would a third party stranger to the communication.  Or, stated another way, the fact that the discovering party was the author or recipient of the communication when it was made is an additional factor for the court to consider, along with the others as described in the Garner case, and this factor weighs heavily in favor of the availability of the document.

Id. at 946.  The court went on the note that "the interests in favor of disclosure are strongest when the party seeking the discovery is the author or recipient of a document who is simply asking for re-access to the document in connection with the litigation."  Id.  Accordingly, the Braniff court required the privileged documents be made available to the authors or recipients for inspection.  The undersigned will do the same in the instant matter.  Counsel for Defendant is hereby directed to make the withheld documents either authored by or received by Plaintiff available for inspection by Plaintiff and her attorney.  This inspection should occur on or before **Friday, November 9, 2012**.  Plaintiff and her counsel are not be permitted to make copies of the documents and are instructed to maintain the confidentiality of the documents.  Specifically, neither Plaintiff

nor her counsel shall discuss or describe the documents with any other person.  If, after reviewing the documents, Plaintiff or her counsel believe they require a copy of any document, Plaintiff is instructed to file a motion making the appropriate, specific showing necessary to establish good cause.

**B.     Documents Relating to the "Nevada Litigation"**

Next, Plaintiff asks the Court to compel Defendant to produce documents "relating or referring to" the civil and criminal investigations by the Nevada Attorney General, "including all correspondence relating to the civil and criminal investigation, complaints or indictments, discovery requests, responses to discovery, copies of depositions, offers for settlement, legal memorandum regarding the civil and criminal investigation, and all pleadings." (Doc. 43, p.7).  Defendant objected to this request on the grounds that it was vague, ambiguous, and overbroad.  Specifically, Defendant takes the position that the term "relating to" is overly broad and vague.  Defendant cites two cases in which the court interpreted the phrase "relate to" as "disclose or refer to."  The Court is not certain as to the distinction, especially as the request asked for documents relating to or referring to the investigations, but will adopt them.  Plaintiff is therefore, directed to produce all responsive documents that disclose or refer to either the civil or criminal investigation by the Nevada Attorney General, including all correspondence disclosing or referring to the civil or criminal investigation, complaints or indictments, discovery requests, responses to discovery, copies of depositions, offers for settlement, legal memoranda referring to the civil and/or criminal investigation, and all pleadings.  Obviously, this would include correspondence to third parties disclosing

or referring to the investigations, not just documents sent to or received from the Nevada Attorney General.  Additionally, Defendant shall provide a privilege log for responsive documents within its possession covered by either the attorney-client or work product privilege.  Defendant shall produce these on or before **Friday, November 16, 2012**.[1]

**C.    Documents Regarding Severance Packages for Former Employees of Defendant**

Plaintiff also asks the Court to enter an order compelling Defendant to produce documents regarding severance packages "provided or offered to terminated similarly situated employees, specifically including Dave Holt, Greg Whitworth, Bill Newland, and Jeff Mouhalis." (Doc. 43, p.9).  Defendant objected, claiming the information sought was not relevant as the individuals listed were not similarly situated to Plaintiff.  Indeed, Defendant asserts the four males identified by Plaintiff all occupied different positions, reported to different supervisors, and had different job duties than Plaintiff.  (Doc. 49, p. 17).  Moreover, Defendant claims that none of the individuals were terminated for the same or similar reasons as Plaintiff.  Id.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ."  Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue

---

[1] Defendant is not required to produce a log of each oral communication with its counsel. Defendant must only provide a privilege log of responsive documents, which it contends are protected by the attorney-client or work product privilege.

that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed.R.Civ.P.  The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

"Thus, although the undersigned is aware that the threshold for determining whether discovery is relevant is relatively low, the 'proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant.'" Diamond State Ins. Co. v. His House, Inc., No. 10-20039-CIV, 2011 WL 146837, *5 (S.D. Fla. Jan. 18, 2011) (quoting Peacock v. Merrill, No CA 05-0377-BH-C, 2008 WL 176375, *8 (S.D. Ala. Jan.17, 2008)).  Here, Plaintiff has not met that burden with respect to documents regarding severance packages offered to the four individuals listed.  If those individuals are not similarly situated to Plaintiff, the severance packages offered to them is of no relevance.  Therefore, Plaintiff's Motion to Compel is denied insofar as it requests information regarding the severance agreements offered to Dave Holt, Greg Whitworth, Bill Newland, and Jeff Mouhalis.  However, Defendant is required to produce documents referring to any severance package offered to any similarly situated male employees.  Defendant shall produce any responsive documents on or before **Friday, November 16, 2012**.

**D.      Documents Related to the <u>Cornett</u> and <u>MacIntyre</u> Cases**

Finally, Plaintiff asks the Court to compel Defendant to produce documents referring to the <u>Cornett</u> and <u>MacIntyre</u> cases. Defendant objects on the basis that the requests are overly broad, do not seek relevant information, and Plaintiff has served a subpoena seeking the same information on counsel for Cornett in that case. (Doc. 49).

With respect to Defendant's objection based on Plaintiff serving a subpoena in the <u>Cornett</u> case, the Court is perplexed. Defendant has filed a motion to quash that subpoena (Doc. 50). The Court does not see how the fact that Plaintiff served the subpoena would lead to a denial of Plaintiff's Motion to Compel. In any event, as the Court is presently addressing Plaintiff's request for the documents in the <u>Cornett</u> case and will be directing Defendant to produce many of the requested documents, Plaintiff does not need to seek the documents from Cornett's counsel and therefore, the undersigned will grant Defendant's Motion to Quash (Doc. 50).

Next, regarding Defendant's objection that the requests are overly broad insofar as they use the phrase "relating to," for the reasons already discussed in this Order, the Court will not deny the Motion to Compel on this basis. The Court does, however, agree with Defendant that the manner in which the requests are presently drafted, requires the production of many irrelevant documents or documents the Court will not require Defendant to compile. Thus, the Court will not compel Defendant to produce any document publicly available. Additionally, the Court is of the opinion that any correspondence would either be protected by the attorney-client privilege or the work product doctrine and will not require Defendant to produce them. Instead, the Court will

only require Defendant to produce documents it provided to the plaintiffs during discovery and any deposition transcripts.[2] Defendant shall produce these documents on or before **Friday, November 16, 2012**.  Defendant should label any confidential document as such and both Plaintiff and her attorneys will be bound by the terms of the protective order (Doc. 45) previously approved by the Court.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Compel (Doc. 43) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

2. Defendant's Motion to Quash (Doc. 50) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  5th  day of November, 2012.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[2] As Defendant has noted that no discovery occurred in the MacIntyre case, the Court will not require Defendant to produce any documents from that case in response to the request. Moreover, the Court is not convinced Plaintiff has established she and MacIntyre were sufficiently similarly situated such that documents in the MacIntyre case would be relevant.  However, with respect to the Cornett case, the Court is not persuaded by Defendant's argument that the documents in that case are not relevant because Cornett was fired for different, more complex reasons. Plaintiff has demonstrated that the reasons for their terminations were sufficiently similar such that the documents requested bear on, or reasonably could lead to other matters that could bear on, issues in the case. See Oppenheimer Fund, Inc., 437 U.S. at 351

-11-