**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MIRIAM U MOORE, an individual

      Plaintiff,

vs.                                              Case No:  3:12-cv-205-J-UATCMCR

LENDER PROCESSING SERVICES
INC and DOES,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 75) filed May 17, 2013.  In the Motion, Plaintiff seeks an Order compelling Defendant, Lender Processing Services, Inc. to produce two categories of documents allegedly responsive to Plaintiff's Sixth Request for Production.  Defendants filed a response in opposition to this motion (Doc. 76) on May 31, 2013.  Accordingly, the matter is now ripe for judicial review.

**I.  BACKGROUND**

This litigation involves Plaintiff's claim that after working for Defendant for over twenty-three years and rising to the position of Chief Operating Officer for the Default Solutions division, Plaintiff entered into a three year Employment Agreement (the "Agreement") with Defendant effective January 1, 2009.  The Agreement provided Plaintiff with a generous compensation package and also contained a non-competition provision.  Prior to the expiration of the Agreement, Defendant terminated Plaintiff's employment.  Plaintiff alleged this termination was without cause, thereby entitling her

to compensation pursuant to the Agreement. When Defendant refused to pay her the proper compensation, Plaintiff brought the instant action seeking unpaid compensation due under the Agreement as well as a declaration that the non-compete provision in the Agreement is invalid.

Defendant alleges Plaintiff's employment was terminated for cause under the Agreement. Specifically, Defendant claims Plaintiff was terminated "due to a persistent failure to perform duties consistent with a commercially reasonable standard of care and also due to willful neglect of her duties." (Doc. 76, pp. 4-5).

Discovery in this case has been very contentious and has required much Court intervention. In the instant motion, Plaintiff seeks discovery of portions of nine employees' personnel files and three communications between Plaintiff and counsel for Defendant, which Defendant contends are protected by either the attorney-client privilege or work product doctrine.

## II. ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87

(1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, Plaintiff asks the Court to direct Defendants to produce portions of nine employees' personnel files and three communications between Plaintiff and counsel for Defendant, which Defendant contends are protected by either the attorney-client privilege or work product doctrine.  The Court will address each of these requests.

### 1.   Employment files for other LPS employees

Plaintiff seeks production of the employment files for nine LPS employees.  Plaintiff argues the personnel files of seven of the employees are relevant to show the pretextual nature of Defendant's decision to terminate her employment.  According to Plaintiff, these employees engaged in the same or similar conduct for which Plaintiff was allegedly terminated.  Plaintiff believes a review of their files may provide insight into whether Defendant's reasons for terminating her employment were pretextual.  For two of the employees, the two employees Defendant contends Plaintiff wrongfully solicited from it, Plaintiff argues their files are relevant to show whether Plaintiff actually solicited them and if so, the amount of damages suffered by Defendant as a result.

Defendant objects to production of the documents on the basis that the files contain confidential information and are not relevant to the instant case.  With respect to the seven employees Plaintiff contends engaged in similar conduct, Defendant argues the issue of whether its decision to terminate Plaintiff's employment was pretextual is

not relevant. Defendant points out that Plaintiff is not claiming any sort of discrimination. Rather, Plaintiff's claim is simply for breach of contract. Defendant takes the position that how it treated other employees has no relevance to the issue in this case: whether it breached Plaintiff's employment contract. As for the employment files of the two employees allegedly solicited by Plaintiff, Defendant argues Plaintiff has failed to articulate what specific information in their files is relevant and therefore, the request is overly broad.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed.R.Civ.P. The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991).

"Thus, although the undersigned is aware that the threshold for determining whether discovery is relevant is relatively low, the 'proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant.'" Diamond State Ins. Co. v. His House, Inc., No. 10-20039-CIV, 2011 WL

146837, *5 (S.D. Fla. Jan. 18, 2011) (quoting Peacock v. Merrill, No CA 05-0377-BH-C, 2008 WL 176375, *8 (S.D. Ala. Jan.17, 2008)). Here, Plaintiff has satisfied that burden.

Defendant is correct that the elements necessary to establish a breach of contract claim are simply: (1) the existence of a contract, (2) a material breach of that contract, and (3) damages as a result of the breach. Accordingly, Defendant's argument that what it did with other employees has no relevance to whether these three elements exist has some appeal. However, Florida law also provides that "'[i]f a written contract is ambiguous or obscure in its terms, so that the contractual intention of the parties cannot be understood from a mere inspection of the instrument, extrinsic evidence of the subject matter of the contract, of the relations of the parties to each other, and of the facts and circumstances surrounding them when they entered into the contract may be received to enable the court to make a proper interpretation of the instrument.'" Larsen v. AirTran Airways, Inc., 8:07-CV-00442-T-17TBM, 2009 WL 1076035, *10 (M.D. Fla. Apr. 21, 2009) (quoting Gilman v. John Hancock Variable Life Ins. Co., 2003 WL 23191098 at *8 (Fla. Cir. Ct. Oct. 20, 2003) (in turn quoting L'Engle v. Scottish Union & Nat'l Fire Ins. Co., 37 So. 462 (Fla.1904)).

In the instant case, Defendant contends it terminated Plaintiff's employment for cause. The relevant definitions of termination for cause in the Agreement are: "(i) persistent failure to perform duties consistent with a commercially reasonable standard of care . . . and (ii) willful neglect of duties." (Doc. 74, Ex. 1, p.3). While not argued by Plaintiff in the instant motion, the undersigned can imagine a scenario whereby it is argued that these provisions are ambiguous. Were the Court to accept such a contention, extrinsic evidence would be admissible to assist in determining the intent of

the parties.  Gulf Cities Gas Corp. v. Tangelo Park Service Co._,_ 253 So.2d 744, 748 (Fla. 4th DCA 1971) ("Where the language of a contract is ambiguous or unclear as to a particular right or duty, the court may receive evidence extrinsic to the contract for the purpose of determining the intent of the parties at the time of the contract."); Crespo v. Crespo_,_ 28 So.3d 125, 128 (Fla. 4th DCA 2010) (same); Killearn Homes Ass'n, Inc. v. Visconti Family Ltd. Partnership_,_ 21 So.3d 51, 54 (Fla. 1st DCA 2009) ("When the terms of a written document are ambiguous and susceptible to different interpretations, extrinsic evidence may be considered by the court to ascertain the intent of the parties or to explain or clarify the ambiguous term.").  Accordingly, the undersigned believes the employee files of the seven employees who allegedly engaged in similar conduct are relevant.[1]

As for the employment files of the two employees allegedly solicited by Plaintiff, the Court believes they too may contain relevant information.  Defendant requests that Plaintiff be required to limit her request to evidence in the files relating to solicitation; however, that fails to take into account Plaintiff's belief that the files may contain information regarding any damages suffered by Defendant on account of the alleged solicitation.  Accordingly, the Court sees no reason to limit the request to the extent suggested by Defendant.

Defendant also argues the employee files should not be produced because they contain confidential information and therefore, are subject to a heightened standard of relevance.  Defendant is correct that the Court is expected to consider the rights of non-

---

[1] The Court is certainly not making any determination or expressing any opinion as to whether any terms in the Agreement are or are not ambiguous.  Rather, the undersigned is simply finding that evidence regarding the intent of the parties regarding these terms may be contained in the requested documents and such evidence appears relevant.

parties in determining whether the information contained in their personnel files is relevant. See Hatfield v. A Nursetemps, Inc., 5:11-CV-416-OC-10TBS, 2012 WL 1326120, *4 (M.D. Fla. Apr. 17, 2012). Here, the undersigned believes Plaintiff has met the "'heightened standard of relevance for discovery of information contained in personnel files'" and directs Defendant to produce the requested files no later than **Monday, June 17, 2013**. Id. (quoting Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169,184 (E.D. Pa. 2004)).

### 2. Privileged Documents sent to Plaintiff

Plaintiff also requests production of several documents labeled by Defendant as privileged. These documents are communications from attorneys representing Defendant sent to Plaintiff. Defendant argues the documents are protected by either the attorney-client privilege or the work product doctrine. The undersigned believes the most prudent course at this time is for Defendant to produce the requested documents to the Court for an *in camera* review. After the Court has an opportunity to review these documents, it will issue a decision regarding whether the documents are protected by either the attorney-client privilege or the work product doctrine and if so, will consider Plaintiff's arguments that she has shown either: (1) good cause under In re Braniff, Inc., 153 B.R. 941 (Bankr. M.D. Fla. 1993) sufficient to circumvent the attorney-client privilege or (2) substantial need and an inability to obtain the information without undue hardship sufficient to get around the work product doctrine. Defendant shall hand deliver these documents to the undersigned's chambers on or before the close of business (5:00 p.m.) **Friday, June 7, 2013**.[2]

---

[2] The Court will defer ruling on Plaintiff's request for attorney's fees pursuant to Rule 37 until after it determines whether the remaining documents must be produced.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 75) is **GRANTED in part** as provided in the body of this Order. Defendant is directed to produce the requested employee files no later than **Monday, June 17, 2013** and to provide the Court with the asserted privileged materials before the close of business (5:00 p.m.) **Friday, June 7, 2013**

**DONE** and **ORDERED** in Jacksonville, Florida this  5th  day of June, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record